IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CYRIL MARCUS STEPHENS,

    Plaintiff,

v.                                                          CASE NO. 1:14-cv-246-MW-GRJ

KEISHA JONES, et al.,

    Defendants.

_____/

**AMENDED REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Fourth Amended Complaint. (ECF No. 23.) For the reasons explained below, the Fourth Amended Complaint should be dismissed for failure to state a claim and this action should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff initiated this case on December 31, 2014 by filing a *pro se* complaint asserting claims against six defendants. (ECF No. 1.) On January 8, 2015, Plaintiff filed a First Amended Complaint against the same six defendants. (ECF No. 5.) On February 26, 2015, based upon a liberal reading of Plaintiff's Amended Complaint, the Court interpreted Plaintiff's complaint as an attempt to pursue a retaliation claim under Title VII of the Civil Rights Act of 1964, as well as a failure to accommodate a disability claim under the Americans with Disabilities Act ("ADA"). (ECF No. 6.) The Court advised Plaintiff to file an amended complaint because Plaintiff did not allege that he suffered from a disability in his complaint, Plaintiff did not provide factual detail to explain the

causal link to establish a prima facie case for retaliation under Title VII, and Plaintiff named individual employees as defendants rather than Plaintiff's employer. Further, due to Plaintiff's failure to file his claim on the appropriate Title VII form, the Court directed the Clerk to send Plaintiff a blank Title VII form and instructions, and ordered Plaintiff to complete the Title VII complaint form and file his amended complaint by March 30, 2015. (*Id.*) The Court noted that "[f]ailure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute." (*Id.*) Moreover, the Court ordered Plaintiff "not [to] refer back to the original Complaint or incorporate any part of the original Complaint by reference." (*Id.*)

On April 7, 2015, having not received Plaintiff's amended complaint, the Court issued an Order to Show Cause. (ECF No. 7.) Rather than responding to the Court's Order to Show Cause, Plaintiff filed three motions for expansion of time to respond to the Court's Order to Show Cause (ECF Nos. 8, 10, 12), which the Court granted. (ECF Nos. 9, 11, 13.)

On July 10, 2015, Plaintiff finally filed his Second Amended Complaint against the same six defendants. (ECF No. 14.) On July 16, 2015, based upon a liberal reading of Plaintiff's Second Amended Complaint, the Court interpreted Plaintiff's complaint as an attempt to pursue a retaliation claim under Title VII of the Civil Rights Act of 1964. (ECF No. 6.) Plaintiff again failed to file using the appropriate Title VII form previously sent to him by the Court and also improperly named individual employees as defendants instead of naming his employer as the defendant. (ECF No. 15.)

On July 16, 2015, the Court gave Plaintiff "one final opportunity to amend his Complaint," by August 13, 2015, and again instructed the Clerk to send Plaintiff another blank Title VII form and instructions. (*Id.*) The Court also cautioned Plaintiff that failure to comply with the Court's order within the allotted time would result in a recommendation to the district judge that the case be dismissed. (*Id.*) Further, the Court again reminded Plaintiff "not [to] refer back to the previous complaints or incorporate any part of . . . any other complaint by reference." (*Id.*)

On August 12, 2015, Plaintiff filed a Third Amended Complaint that named the same six defendants, failed to include facts relating to the alleged claims, and was not filed on the appropriate Title VII complaint form that was provided twice to Plaintiff. (ECF No. 16.) Accordingly, the undersigned recommended that this case be dismissed for failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, and failure to comply with an order of the Court. (ECF No. 19.) However, before the District Judge reviewed the Report and Recommendation, Plaintiff filed a Fourth Amended Complaint. (ECF No. 23.)[1] Based upon a cursory review of Plaintiff's Fourth Amended Complaint, the Court withdrew its earlier Report and Recommendation, ECF No. 19, in order to file an Amended Report and Recommendation. (ECF No. 24.) Plaintiff's Fourth Amended Complaint still names the same six individual defendants (and not his employer) but Plaintiff has now filed his complaint on the appropriate Title VII complaint form and includes additional facts to

---

[1] Plaintiff's Complaint is erroneously titled "Third Amended Complaint." (ECF No. 23.) Considering this is Plaintiff's Fourth Amended Complaint, the Court will instead hereafter refer to the "third" amended complaint as "Plaintiff's Fourth Amended Complaint."

Case No: 1:14-cv-246-MW-GRJ

support his claims. (ECF No. 23.) Regardless of the fact that Plaintiff has utilized the Court's form for filing his Fourth Amended Complaint the complaint is still due to be dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff's Fourth Amended Complaint purports to allege state law claims of negligence and trespass, as well as claims that Defendants "inflicted injury" upon Plaintiff's body by taking his health care away and "despoiled [Plaintiff's] belongings" by taking away his income. (ECF No. 23 at 7.) Plaintiff alleges that he was employed by the University of Florida from 1990 until 2014 and that he filed charges against the University of Florida with the Equal Employment Opportunity Commission on March 11, 2009, alleging discrimination based on Plaintiff's disability, namely Autism, Depression, and ADD. (ECF No. 23 at 4.) In February 2012, Plaintiff received an EEO Final Agency Decision of Discrimination on the Merits of a case and a Notice of Right to Sue and filed a lawsuit against the University of Florida in May 2012. (*Id.* at 5.)

Plaintiff claims that in August, 2012 he was reassigned to a menial and trivial task and that in September, Defendant Collins began pressing Plaintiff about his attendance at work. (*Id.*) Further, in November, Defendant Whitehurst broached an issue of fitness for duty and in December, Defendant Goodman informed Plaintiff that Plaintiff qualified for disability retirement. (*Id.*)

According to Plaintiff, at the beginning of April, 2013, Defendant Collins created a verbal warning document and then at the end of April, Defendant Whitehust created a written warning document, with another one by Defendant Whitehurst at the end of

May. (*Id.* at 6.) Plaintiff claims that by this time, the toll on his health was "extreme" and he was unable to attend work regularly. (*Id.*)

Plaintiff alleges that in August 2013, Defendant Jones demanded access to Plaintiff's medical records and additional medical documentation. (*Id.*) Subsequently, in November 2013, Defendant Jackson forced Plaintiff to take leave without pay until Plaintiff provided the information demanded. (*Id.*) Plaintiff states that he provided the requested information before Thanksgiving but was not permitted to return to work until late February 2014. Plaintiff states that this ultimately cut off his access to medicine and healthcare. (*Id.*) Further, after returning to work, Defendants Chorlog, Jones, and Collins allegedly put Plaintiff on suspension within a few days. (*Id.*) After the suspension, Plaintiff was not allowed to return to work and was instead placed on administrative leave with pay for a few days, and was then terminated. (*Id.* at 7.)

Plaintiff claims that Defendants (1) were negligent in the performance of their duties and obligations, (2) trespassed on Plaintiff's property by taking his job from him, (3) inflicted injury upon Plaintiff's body by taking his health care away, and (4) despoiled Plaintiff's belongings by taking away his income. (*Id.*) Plaintiff seeks the equivalent of two years pay from each Defendant at his or her own pay rate, as well as such fair and just compensation as the jury will allow. (*Id.*)

## II.  STANDARD OF REVIEW

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951-53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*).

Further, with regard to subject matter jurisdiction, federal courts are obligated to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). The Court has subject matter jurisdiction over cases involving a federal question, 28 U.S.C. § 1331, and jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

### III.  DISCUSSION

#### A.    *Failure to State a Claim Upon Which Relief Can Be Granted*

Despite Plaintiff's attempt to detail the circumstances supporting his claims in numbered provisions, Plaintiff merely asserts legal conclusions devoid of factual allegations for support. *See Kinsey v. Watkins*, 460 F. App'x. 877, 879 (11th Cir. 2012) (bare allegations of trespass, negligence, and other state-law tort claims "fail to comply

with Rule 8 of the Federal Rules of Civil Procedure, which requires a 'short and plain statement of the claim'"). Plaintiff has not included any factual allegations suggesting which defendants were negligent or how they were negligent in the performance of their duties and obligations. Likewise, Plaintiff makes no factual allegations suggesting which defendants trespassed onto his property by taking his job away or the circumstances surrounding the allegation. Similarly, Plaintiff makes no factual allegations suggesting which defendants somehow inflicted injury on his body and despoiled his belongings. Moreover, the Court is unaware of any common law claims that might constitute Plaintiff's claims of Defendants inflicting injury upon his body by taking away his health care or despoiling his belongings by taking away his income.

Despite the fact that Plaintiff's initial complaint and second amended complaints contained some additional factual information surrounding his claims, Plaintiff's Fourth Amended Complaint is devoid of practically all factual information to support his current claims. Unfortunately, the Court cannot combine Plaintiff's various complaints to piece together the factual circumstances surrounding Plaintiff's current claims. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotations omitted) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."). Plaintiff was cautioned on two occasions that his amended pleadings could not refer back to previous pleadings or incorporate them in any way. (ECF Nos. 6, 15.) Therefore, because Plaintiff's Fourth Amended Complaint fails to include any facts supporting his alleged state law claims, Plaintiff's Fourth Amended Complaint is subject to dismissal for failure to state a claim.

*Case No: 1:14-cv-246-MW-GRJ*

### B. Lack of Subject Matter Jurisdiction

Separate from the fact that Plaintiff has failed to state a claim, even if Plaintiff had or could state a claim, the Court does not have subject matter jurisdiction over Plaintiff's claims, which are essentially common law state claims. Plaintiff has not raised any claims in the Fourth Amended Complaint alleging a violation of federal law, nor do the allegations in the Fourth Amended Complaint support diversity jurisdiction over his claims.

Although a *pro se* litigant's complaint must be construed liberally, the allegations in the Fourth Amended Complaint do not mention federal law or include facts that could be construed as supporting a claim that the Defendants violated federal law or the Constitution. Despite the fact that the Court construed Plaintiff's earlier amended complaints as attempts to assert a federal cause of action under Title VII of the Civil Rights Act of 1964 and the ADA, Plaintiff's Fourth Amended Complaint lacks any indication of such. *See Dresdner Bank*, 463 F.3d at 1215 (internal quotations omitted) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."). There is little question that Plaintiff is not asserting a federal claim. In a Notice Plaintiff filed on the same date he filed his Third Amended Complaint, Plaintiff unequivocally states that "[i]t is not my wish to file a complaint about public policy under any statute, but rather, to seek remedy for injuries inflicted by wrongdoers in common-law." (ECF No. 17.) More notably, although Plaintiff's check off boxes in his Fourth Amended Complaint noting that Defendants discriminated against Plaintiff when they "failed to hire/transfer Aggrieved," "failed to promote Aggrieved," "failed to

accommodate Aggrieved's disability," and "retaliated against Aggrieved," (ECF No. 23 at 4), Plaintiff checked the box asserting "common-law jurisdiction" instead of the box asserting that he was bringing an action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act of 1990. (ECF No. 23 at 5.) Thus, by Plaintiff's own admission he is not attempting to bring a claim based upon federal law.

The problem is that in order to advance state law claims in this Court, Plaintiff must establish that there is diversity jurisdiction. Plaintiff has failed to do so. The Fourth Amended Complaint is devoid of allegations regarding the citizenship of each Defendant. While Plaintiff does note their mailing addresses, the addresses appear to be work addresses. Assuming that each Defendant is a citizen of the locale in which he or she works, each Defendant appears to be a citizen of Florida. *See* ECF No. 23 at 2-3. Moreover, Plaintiff is clearly a citizen of Florida. *See id.* at 2. Thus, there would not be complete diversity of citizenship between Plaintiff and each Defendant.

Likewise, Plaintiff's Fourth Amended Complaint fails to allege the amount in controversy. Plaintiff merely requests "the equivalent of two years pay from each wrongdoer, at his or her own pay rate, plus such fair-and-just additional compensation the jury will allow." (ECF No. 23 at 7.) Thus, Plaintiff has not established that the amount in controversy meets the $75,000.00 threshold to support diversity jurisdiction.

Accordingly, because Plaintiff has failed to allege that there is complete diversity of citizenship between him and each Defendant, and has failed to allege that the amount in controversy is more than $75,000.00, the Court does not have diversity jurisdiction over Plaintiff's claim. Therefore, because Plaintiff has not alleged facts

supporting federal question jurisdiction and has not (and cannot)[2] demonstrate that the Court has diversity jurisdiction, this action is due to be dismissed for lack of subject matter jurisdiction.

## C. Further Amendment Would be Futile

This case has been pending since December 2014. Now in Plaintiff's Fourth Amended Complaint he has apparently abandoned any intention of bringing a federal claim and intends to sue his former co-workers for state law common law claims. If Plaintiff wishes to do so he may proceed in state court. But Plaintiff should not be permitted to continue to amend his claims when it is apparent that he cannot sue his co-workers under federal discrimination laws and cannot bring claims in federal court against his co-workers for common law state claims because the Court does not have subject matter jurisdiction to adjudicate these claims.

Even if Plaintiff intended to bring a claim under Title VII of the Civil Rights Act or the ADA instead of state common law claims, Plaintiff continues to name his former co-workers as Defendants instead of his former employer, the University of Florida. (*Id.* at 2-4.) As the Court instructed Plaintiff on two separate occasions, ECF No. 6 at 4-5; ECF No. 15 at 3, to assert claims under Title VII or the ADA, individual employees cannot be held liable and a plaintiff instead must bring suit against the employer. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("relief under Title VII is available against only the employer and not against individual employees whose actions would constitute

---

[2] It would be futile to allow Plaintiff to amend his complaint again (for the fifth time) to plead the citizenship of the parties. Although the Fourth Amended Complaint is devoid of allegations regarding the citizenship of the parties, Plaintiff is clearly a citizen of Florida and it appears that the Defendants—all of whom are former co-workers—are also citizens of Florida.

Case No: 1:14-cv-246-MW-GRJ

a violation of the Act, regardless of whether the employer is a public or private company"); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the [Americans with] Disabilities Act does not provide for individual liability, only employer liability."). Plaintiff's fourth declination to name his former employer as a Defendant in the Fourth Amended Complaint, combined with Plaintiff's asserted intention of bringing common law claims against the named Defendants is a definitive statement by Plaintiff that he does not intend to bring a claim under Title VII or the ADA.

The Court has granted Plaintiff more than sufficient opportunities to state a claim but Plaintiff has failed to do so during the nine months this case has been pending. The time has come to bring this matter to an end. While the Court recognizes that Plaintiff is proceeding *pro se*, and the Court has taken this into account, the Court cannot serve as surrogate counsel for Plaintiff.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's Fourth Amended Complaint, ECF No. 23, should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this 23rd day of September, 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

*Case No: 1:14-cv-246-MW-GRJ*